IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TERRY HARRINGTON, individually and in his capacity as the father of NICOLE ANTOINETTE HARRINGTON, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF POTTAWATTAMIE, IOWA, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) Case No. 05-CV-00178-RP-TJS ) ) ) ) ) |

**ANSWER AND JURY DEMAND OF**
**DEFENDANTS CITY OF COUNCIL BLUFFS, LARSEN AND BROWN**

COME NOW Defendants City of Council Bluffs, Larsen and Brown (hereinafter "Answering Defendants"), by and through their undersigned counsel of record, and for their Answer to Plaintiff's Complaint and Jury Demand (hereinafter "Complaint"), state and allege to the Court as follows.

1. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraphs 1 and 2 of Plaintiff's Complaint and, therefore, deny same.

2. Answering Defendants deny the allegations made and contained in paragraph 3 of Plaintiff's Complaint.

3. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 4 of Plaintiff's Complaint and, therefore, deny same.

4. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraphs 5 and 6 of Plaintiff's Complaint and, therefore, deny same.

5. Answering Defendants admit the allegations made and contained in paragraphs 7 and 8 of Plaintiff's Complaint.

6. Answering Defendants admit Defendant Richter was the County Attorney of Pottawattamie County, but are without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 9 of Plaintiff's Complaint and, therefore, deny same.

7. Answering Defendants admit Defendant Hrvol was an Assistant County Attorney of Pottawattamie County, but are without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 10 of Plaintiff's Complaint and, therefore, deny same.

8. Answering Defendants admit Defendant Larsen was a Detective in the Police Department of the City of Council Bluffs, but are without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 11 of Plaintiff's Complaint and, therefore, deny same.

9. Answering Defendants admit Defendant Brown was a Detective with the Council Bluffs Police Department, but are without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 12 of Plaintiff's Complaint and, therefore, deny same.

10. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 13 of Plaintiff's Complaint and, therefore, deny same.

11. Answering Defendants admit Defendant Schweer retired from the Council Bluffs Police Department, but are without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 14 of Plaintiff's Complaint and, therefore, deny same.

12. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraphs 15, 16 and 17 of Plaintiff's Complaint and, therefore, deny same.

13. Answering Defendants admit John Schweer was shot and killed, but are without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraphs 18, 19 and 20 of Plaintiff's Complaint and, therefore, deny same.

14. Answering Defendants are presently without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraphs 21 through 292, inclusive, of Plaintiff's Complaint and, therefore, deny same.

15. Answering Defendants admit Curtis McGhee agreed to enter an *Alford* plea, but are without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraphs 293 through 296 of Plaintiff's Complaint and, therefore, deny same.

16. Answering Defendants are presently without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraphs 297 through 308, inclusive, of Plaintiff's Complaint and, therefore, deny same.

17. Answering Defendants deny each and every other allegation, matter and averment made or contained in paragraphs 1 through 308, inclusive, of Plaintiff's Complaint not specifically and previously admitted herein.

## COUNT 1

18. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 309 of Plaintiff's Complaint and, therefore, deny same.

19. To the extent paragraph 310 of Plaintiff's Complaint incorporates by reference the allegations, matters and averments made or contained in paragraphs 1 through 308 of said Complaint, Answering Defendants incorporate herewith their responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

20. Answering Defendants deny the allegations, matters and averments made or contained in paragraphs 311 through 324, inclusive, of Plaintiff's Complaint.

21. Answering Defendants deny each and every other allegation, matter and averment made or contained in Count 1 of Plaintiff's Complaint not specifically and previously admitted herein.

22. Answering Defendants incorporate herewith that portion of this Answer entitled "Affirmative Defenses" as though said Affirmative Defenses had been set forth at length herein.

WHEREFORE, having fully answered Count I of Plaintiff's Complaint, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT 2

23. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 325 of Plaintiff's Complaint and, therefore, deny same.

24. To the extent paragraph 326 of Plaintiff's Complaint incorporates by reference the allegations, matters and averments made or contained in paragraphs 1 through 324 of said

Complaint, Answering Defendants incorporate herewith their responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

25. Answering Defendants deny the allegations, matters and averments made or contained in paragraphs 327 through 343, inclusive, of Plaintiff's Complaint.

26. Answering Defendants deny each and every other allegation, matter and averment made or contained in Count 2 of Plaintiff's Complaint not specifically and previously admitted herein.

27. Answering Defendants incorporate herewith that portion of this Answer entitled "Affirmative Defenses" as though said Affirmative Defenses had been set forth at length herein.

WHEREFORE, having fully answered Count 2 of Plaintiff's Complaint, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT 3

28. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 344 of Plaintiff's Complaint and, therefore, deny same.

29. To the extent paragraph 345 of Plaintiff's Complaint incorporates by reference the allegations, matters and averments made or contained in paragraphs 1 through 343 of said Complaint, Answering Defendants incorporate herewith their responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

30. Answering Defendants deny the allegations, matters and averments made or contained in paragraphs 346 through 370, inclusive, of Plaintiff's Complaint.

31. Answering Defendants deny each and every other allegation, matter and averment made or contained in Count 3 of Plaintiff's Complaint not specifically and previously admitted herein.

32. Answering Defendants incorporate herewith that portion of this Answer entitled "Affirmative Defenses" as though said Affirmative Defenses had been set forth at length herein.

WHEREFORE, having fully answered Count 3 of Plaintiff's Complaint, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## **COUNT 4**

33. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 371 of Plaintiff's Complaint and, therefore, deny same.

34. To the extent paragraph 372 of Plaintiff's Complaint incorporates by reference the allegations, matters and averments made or contained in paragraphs 1 through 370 of said Complaint, Answering Defendants incorporate herewith their responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

35. Answering Defendants deny the allegations, matters and averments made or contained in paragraphs 373 through 377, inclusive, of Plaintiff's Complaint.

36. Answering Defendants deny each and every other allegation, matter and averment made or contained in Count 4 of Plaintiff's Complaint not specifically and previously admitted herein.

37. Answering Defendants incorporate herewith that portion of this Answer entitled "Affirmative Defenses" as though said Affirmative Defenses had been set forth at length herein.

WHEREFORE, having fully answered Count 4 of Plaintiff's Complaint, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

### COUNT 5

38. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 378 of Plaintiff's Complaint and, therefore, deny same.

39. To the extent paragraph 379 of Plaintiff's Complaint incorporates by reference the allegations, matters and averments made or contained in paragraphs 1 through 377 of said Complaint, Answering Defendants incorporate herewith their responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

40. Answering Defendants deny the allegations, matters and averments made or contained in paragraphs 380 through 383, inclusive, of Plaintiff's Complaint.

41. Answering Defendants deny each and every other allegation, matter and averment made or contained in Count 5 of Plaintiff's Complaint not specifically and previously admitted herein.

42. Answering Defendants incorporate herewith that portion of this Answer entitled "Affirmative Defenses" as though said Affirmative Defenses had been set forth at length herein.

WHEREFORE, having fully answered Count 5 of Plaintiff's Complaint, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT 6

43. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraphs 384 and 385 of Plaintiff's Complaint and, therefore, deny same.

44. To the extent paragraph 386 of Plaintiff's Complaint incorporates by reference the allegations, matters and averments made or contained in paragraphs 1 through 383 of said Complaint, Answering Defendants incorporate herewith their responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

45. Answering Defendants deny the allegations, matters and averments made or contained in paragraphs 387 through 392, inclusive, of Plaintiff's Complaint.

46. Answering Defendants deny the prayers for relief made by Plaintiff on pages 68, 69 and 70 of his Complaint.

47. Answering Defendants deny each and every other allegation, matter and averment made or contained in Count 6 of Plaintiff's Complaint not specifically and previously admitted herein.

48. Answering Defendants incorporate herewith that portion of this Answer entitled "Affirmative Defenses" as though said Affirmative Defenses had been set forth at length herein.

WHEREFORE, having fully answered Count 6 of Plaintiff's Complaint, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

49. Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Answering Defendants and fails to state a claim upon which relief may be granted against them so that the same should be dismissed at Plaintiff's costs.

50.     For other affirmative answer and defense, Answering Defendants allege that any and all actions or acts committed by them or on their behalf were discretionary in nature and taken in good faith, and that these Defendants are protected from liability by the doctrines of qualified immunity, official immunity, absolute immunity and/or judicial immunity.

51.     For other affirmative answer and defense, Answering Defendants allege they acted with objective reasonableness under the circumstances then existing, and their conduct was justified and/or privileged.

52.     For other affirmative answer and defense, Answering Defendants allege that Plaintiff's damages, if any, were proximately caused by his own negligence and/or acts and/or the negligence and acts of others who are beyond the control of Answering Defendants, and whose fault should be compared.

53.     For other affirmative answer and defense, Answering Defendants state that to the extent Plaintiff's Complaint attempts to seek or obtain injunctive or equitable relief, such relief is not available on the grounds that Plaintiff lacks standing, fails to present a justiciable claim and/or has failed to satisfy the "case or controversy" jurisdictional requirement of the United States Constitution.

54.     For other affirmative answer and defense, Answering Defendants state Plaintiff's claims are barred by the applicable statutes of limitation.

55.     For other affirmative answer and defense, Answering Defendants state they are shielded from liability by virtue of sovereign immunity.

56.     For other affirmative answer and defense, Answering Defendants state they were engaged in a discretionary function and are, therefore, immune from liability.

57.     For other affirmative answer and defense, Answering Defendants state they were engaged in a public duty and are, therefore, immune by virtue of the public duty doctrine.

58. For other affirmative answer and defense, Answering Defendants state they are protected from liability by virtue of official immunity and/or the official immunity doctrine.

59. For other affirmative answer and defense, Answering Defendants state Plaintiff's claims are barred and/or limited by the doctrines of *res judicata*, collateral estoppel, claim preclusion and/or issue preclusion.

60. For other affirmative answer and defense, Answering Defendants state Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and/or the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).

61. For other affirmative and defense, Answering Defendants state this Court lacks subject matter jurisdiction over all or some of Plaintiff's claims.

62. For other affirmative answer and defense, Answering Defendants state they acted with reasonable, just and probable cause and their conduct was privileged, justified and warranted.

63. For other affirmative answer and defense, Answering Defendants state venue of this matter in the United States District Court for the Southern District of Iowa, Central Division, is inappropriate and improper, and that venue of this matter should be transferred to the United States District Court for the Southern District of Iowa, Western Division.

64. For other affirmative answer and defense, Answering Defendants state they are entitled to qualified immunity based on the existence of extraordinary circumstances.

65. For other affirmative answer and defense, Answering Defendants state that to the extent Plaintiff's Complaint attempts to seek or obtain injunctive or equitable relief, such relief is not available on the grounds that Plaintiff lacks standing, fails to present a justiciable claim, has failed to satisfy the "case or controversy" jurisdictional requirement of the United States Constitution and/or has failed to exhaust available remedies in state court prior to the implementation of this action.

66. For other affirmative answer and defense, Answering Defendants state Plaintiff is not entitled to punitive damages and/or Answering Defendants are immune from any judgment for punitive damages under the provisions of Iowa Code 670.4 & .12 (2005).

67. For other affirmative answer and defense, Answering Defendants state Plaintiff's tort claims against Answering Defendants are governed by the Iowa Municipal Tort Claims Act, Iowa Code Chapter 670. Answering Defendants reserve all privileges, immunities and defenses available to them under this Act including, but not limited to, the following:

   (a) Any acts of the governmental entity's officers or employees in the execution of a statute, ordinance or regulation were done exercising due care, and Answering Defendants are immune under Section 670.4(3) of the Iowa Code;

   (b) Answering Defendants are immune from Plaintiff's claims under Section 670.4(3) of the Iowa Code as they arise out of a claim for damages based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the entity or an officer or employee of the entity, whether or not the discretion is abused;

   (c) Any injuries or damages sustained by Plaintiff were proximately caused by the intervening and/or superceding acts of a third party over whom Answering Defendants had no control, relieving Answering Defendants from any liability under the circumstances under Section 670.4(10) of the Iowa Code; and

   (d) Pursuant to Section 670.12 of the Iowa Code, Answering Defendants are immune from personal liability for any of the claims which are exempted under Section 670.4.

68. For other affirmative answer and defense, Answering Defendants state Plaintiff's Complaint fails to state a claim upon which relief may be granted including, but not limited to, the following reasons:

   (a) Any liability of Answering Defendants for a negligent criminal investigation is not actionable; and

   (b) Any liability of Answering Defendants for a *Brady* violation is not actionable in the absence of bad faith.

69. For other affirmative answer and defense, Answering Defendants state Plaintiff has failed to exhaust available administrative remedies and/or state court remedies and, therefore, this action is barred or otherwise unavailable to Plaintiff in this form.

70. For other affirmative answer and defense, Answering Defendants state Plaintiff assumed the risk of injury, if any.

71. For other affirmative answer and defense, Answering Defendants state Plaintiff have failed to mitigate any alleged damages.

72. For other affirmative answer and defense, Answering Defendants state their actions were done and undertaken in good faith and under a reasonable belief that the Plaintiff had committed a crime.

73. For other affirmative answer and defense, Answering Defendants state their actions and conduct were undertaken in good faith and were objectively reasonable under the circumstances and accordingly, they are entitled to the defense of qualified immunity.

74. For other affirmative answer and defense, Answering Defendants state Plaintiff's civil rights claims against the governmental entity under any *respondeat superior* theory are barred, as are any claims for oversight or negligence in training or supervision of its officers or for their negligence in a single incident.

### **DEMAND FOR JURY TRIAL**

Answering Defendants demand a trial by jury on all issues and claims.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP

  /s/ David S. Baker
DAVID S. BAKER, Mo. #30347
DANIEL C. ESTES, Mo. #52595
51 Corporate Woods, Suite 300
9393 W. 110th Street

Overland Park, KS 66210
(913) 339-6757; Fax: (913) 339-6187
dbaker@fisherpatterson.com
destes@fisherpatterson.com

DAVID H. LUGINBILL, #3331
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, IA 50309-2231
(515) 243-7611; Fax: (515) 243-2149

MICHAEL A. SCIORTINO
Assistant City Attorney
City of Council Bluffs, Iowa
City Hall, 209 Pearl Street
Council Bluffs IA 51503
(712) 328-4620; Fax: 712-322-9255
MASciortino@aol.com

*ATTORNEYS FOR DEFENDANTS*
*CITY OF COUNCIL BLUFFS, LARSEN, BROWN*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused to be delivered to the following, a true and correct copy of the above and foregoing, by depositing same in the United States Mail, postage prepaid, on the 24th day of June, 2005:

Gerry L. Spence
J. Douglas McCalla
Larissa A. McCalla
THE SPENCE LAW FIRM, LLC
Spence, Shockey & McCalla
15 Jackson Street
P.O. Box 548
Jackson, WY 83001

Thomas P. Frerichs
FRERICHS LAW OFFICE, P.C.
751 Progress Ave.
P.O. Box 328
Waterloo, IA 50704-0328

*ATTORNEYS FOR PLAINTIFF*

      /s/ David S. Baker
   DAVID S. BAKER